UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES RICOBENE, ) | |
| ) | |
| Plaintiff, ) | Case No. 09 CV 2904 |
| ) | |
| vs. ) | Judge Rebecca Pallmeyer |
| ) | |
| JP MORGAN CHASE BANK and ) | Magistrate Judge Nolan |
| UNIVERSAL TRACING SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, JPMorgan Chase Bank, N.A. ("JPM"), formerly known and erroneously sued as JP Morgan Chase Bank, hereby moves to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). In support of its motion, JPM states as follows:

1. Plaintiff has filed a three-count complaint against JPM and Universal Tracing Services, Inc. ("Universal") with regard to a statement allegedly posted to his daughter's MySpace account.

2. Plaintiff attempts to allege claims for libel (Count I), invasion of privacy (Count II), and violation of the Illinois Consumer Fraud Act and Deceptive Business Practices Act (Count III). JPM seeks to dismiss all three counts.

3. Count I fails to state a claim for libel. The statements are not defamatory *per se* because they do not impute that Plaintiff committed a crime. Moreover, the statements may be reasonably innocently construed. While Plaintiff has not articulated whether his claim is based on defamation *per quod*, even if he were to construe his claim as such, it fails to meet the basic pleading requirement of pleading special damages with particularity.

4. Plaintiff's claims for invasion of privacy in Count II must also fail. Plaintiff fails to allege the essential elements for invasion of privacy by intrusion upon seclusion.

5. Plaintiff also fails to state a claim for false light invasion of privacy. Specifically, Plaintiff fails to allege that the Defendants made a false statement about Plaintiff and that the false statement was communicated to the public at large. Further, Plaintiff fails to plead actual malice and special damages as required under Illinois law.

6. Count III is deficient because Plaintiff has not alleged that he has suffered actual damages as required under the Illinois Consumer Fraud and Deceptive Business Practices Act.

7. In further support of this motion, JPM has filed a memorandum of law which it incorporates by reference.

WHEREFORE, JPMorgan Chase Bank, N.A. respectfully requests that this Court grant its motion to dismiss Plaintiff's Complaint with prejudice and award any other relief the Court deems proper.

Respectfully submitted,

JPMORGAN CHASE BANK, N.A.

By: /Steven P. Mandell

June 22, 2009

Steven P. Mandell (*ARDC No. 6183729*)
Lindsay H. LaVine (*ARDC No. 6291725*)
**MANDELL MENKES LLC**
333 West Wacker, Suite 300
Chicago, Illinois 60606
Telephone: (312) 251-1000
Facsimile: (312) 251-1010