**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES RICOBENE,<br><br>Plaintiff,<br><br>vs.<br><br>JP MORGAN CHASE BANK, and<br>UNIVERSAL TRACING SERVICES, INC.,<br><br>Defendants. | ) | 09 CV 2904<br><br>Judge Castillo<br><br>JURY DEMANDED |

---

| | |
|---|---|
| JP MORGAN CHASE BANK N.A.,<br><br>Counter-Plaintiff,<br><br>vs.<br><br>JAMES RICOBENE,<br><br>Counter-Defendant | ) |

---

| | |
|---|---|
| JP MORGAN CHASE BANK N.A.,<br><br>Counter-Plaintiff,<br><br>vs.<br><br>GINA RICOBENE,<br><br>Defendant. | ) |

**PLAINTIFF AND COUNTER-DEFENDANT JAMES RICOBENE'S**
**ANSWER TO JP MORGAN CHASE BANK, N.A.'S COUNTERCLAIM**

Plaintiff and Counter-Defendant JAMES RICOBENE ("Mr. Ricobene"), by and through his attorneys Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, and Francis R. Greene, and for his answer to Defendant and Counter-Plaintiff JP Morgan Chase Bank, N.A.'s ("JPM") Counterclaim, states as follows:

**Jurisdiction and Venue**

1. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there

is complete diversity among the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**ANSWER:** Mr. Ricobene denies the allegations contained in paragraph 1.

2. In the alternative, this Court has supplemental jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367.

**ANSWER:** Mr. Ricobene admits the allegations contained in paragraph 2.

3. JP Morgan Chase Bank, N.A., ("JPM") is a national association organized under the laws of the United States with its principal place of business in the State of Ohio.

**ANSWER:** Mr. Ricobene admits the allegations contained in paragraph 3.

4. Counter-Defendant James Ricobene ("Mr. Ricobene") is a citizen of Illinois.

**ANSWER:** Mr. Ricobene admits the allegation contained in paragraph 4.

5. Defendant Gina Ricobene ("Ms. Ricobene") is a citizen of Illinois. Ms. Ricobene's presence as a party to this Coutnerclaim is permitted because JPM's replevin claim against Mr. Ricobene and Ms. Ricobene is asserted jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences. Moreover, Ms. Ricobene's presence as a party to this Counterclaim is required to accord complete relief to the parties on JPM's replevin claim.

**ANSWER:** Mr. Ricobene admits that Ms. Ricobene is a citizen of Illinois. Mr. Ricobene denies all other allegations in paragraph 5.

6. Venue is proper in this district under 28 U.S.C. 1391(a) because all of the parties reside in this district and because a substantial part of the events giving rise to the claims made herein occurred in this district.

**ANSWER:** Mr. Ricobene admits the allegations contained in paragraph 6.

**The Transaction That Is The Subject of This Counterclaim**

7. This Counterclaim relates to the purchase by Mr. Ricobene pursuant to a Retail Installlment Contract ("the Contract") of a certain automobile commonly referred to as a sports

utility vehicle or SUV, described as one 2007 Black Mercedes Benz, Model No. GL 450, Vehicle Identification Number 4JGBF71E67A216963 (the "Car"). A copy of the Certificate of Title issued by the Illinois Secretary of State is attached hereto as Exhibit A and a copy of the Contract is attached hereto as Exhibit B.

**ANSWER:** Mr. Ricobene admits that JPM purports to bring this Counterclaim relating to the purchase of a certain automobile described in paragraph 7. Mr. Ricobene further admits that JPM has attached Exhibit A a document which purport to be a Certificate of Title issued by the Illinois Secretary of State and as Exhibit B a document which purports to be a Retail Installment Contract.

8. Upon information and belief, the Car is physically located at the property commonly known as 168 Muirfield, Orland Park, Illinois 60467, the residence of Mr. and Ms. Ricobene.

**ANSWER:** Mr. Ricobene denies that 168 Muirfield, Orland Park, Illinois 60467 is the residence of Mr. and Ms. Ricobene. Mr. Ricobene denies that the Car is physically located at 168 Muirfield, Orland Park, Illinois 60467.

9. Mr. Ricobene has defaulted on the Retail Installment Contract by failing to pay the amounts due under the Contract and has refused to return the Car upon demand.

**ANSWER:** Mr. Ricobene admits that he has defaulted on the Retail Installment Contract. Mr. Ricobene denies that he has refused to return the Car upon demand.

**Count I - Action in Replevin**
**Against Mr. and Ms. Ricobene**

10. JPM re-alleges paragraphs 1- 9 as paragraph 10.

**ANSWER:** For his answer to paragraph 10, Mr. Ricobene restates and realleges his answers to paragraphs 1-10 as if fully set forth herein.

11. On or about February 27, 2007, Mr. Ricobene executed the Contract with JPM for the purchase of the Car. *See* Exhibit B.

**ANSWER:**   Mr. Ricobene admits that he executed the Contract. Mr. Ricobene denies that he purchased the car on February 27, 2007.

12. The Contract required Mr. Ricobene to make 60 monthly payments to JPM, each payment in the amount of $1,472.05, commencing on April 13, 2007. *See* Exhibit B, top of page 1.

**ANSWER:**   Mr. Ricobene admits the allegations contained in paragraph 12.

13. Mr. Ricobene has failed to make any payments to JPM since on or about February 27, 2009.

**ANSWER:**   Mr. Ricobene admits the allegations contained in paragraph 13.

14. JPM is lawfully entitled to possession of the Car in accordance with terms and conditions provided for in the Contract.  See Exhibit B, page 4, "ADDITIONAL AGREEMENTS OF BUYER," paragraph 5(a).

**ANSWER:**   Mr. Ricobene denies the allegations contained in paragraph 14.

15. When JPM previously attempted to peacefully repossess the Car from Mr. Ricobene, Mr. Ricobene told the representatives of the repossessing company that Ms. Ricobene had possession of the Car.

**ANSWER:**   Mr. Ricobene denies the allegations contained in paragraph 15.

16. JPM has been unable to acquire possession of the Car from Mr. or Ms. Ricobene.

**ANSWER:**   Mr. Ricobene denies the allegations contained in paragraph 16.

17. The Car is wrongfully detained by Mr. and/or Ms. Ricobene.

**ANSWER:**   Mr. Ricobene denies the allegations contained in paragraph 17.

18. Upon information and belief, the Car has not been taken for any tax, assessment or fine levied by virtue of any law of the State of Illinois against the property of JPM, or against JPM, nor seized under any execution or attachment against goods and chattels of JPM liable to execution or attachment, nor held by virtue of any writ of replevin against JPM.

**ANSWER:**   Mr. Ricobene admits the allegations contained in paragraph 18.

19. The value of the Car is $35,500.

**ANSWER:** Mr. Ricobene is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. JPM claims the value of the Car not delivered to the officer under the writ. *See* page 1 under paragraph titled "Acceleration" and middle of paragraph 5 on page 4 titled "Additional Agreements of Buyer" of Exhibit B.

**ANSWER:** Mr. Ricobene is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

21. JPM claims $58,479.71 in damages for the wrongful detention of the Car.

**ANSWER:** Mr. Ricobene admits that JPM purports to claim $58,479.71 in damages for the wrongful detention of the Car. Mr Ricobene denies that JPM is entitled to said damages.

22. JPM is also entitled to recover from Mr. Ricobene its reasonable attorneys' fees and expenses incurred in having to bring this action. *See* Exhbit B, page 1, paragraph titled "DELINQUENCY."

**ANSWER:** Mr. Ricobene denies the allegations contained in paragraph 22.

**WHEREFORE**, JPM prays that this court issue a writ of replevin in its favor and against Counter-Defendant Mr. Ricobene and Ms. Ricobene as follows:

A. For possession of the Car;

B. For the value of the Car not delivered;

C. For damages for the wrongful detention of the Car;

D. For costs incurred by JPM in connection with bring this action; and

E. Against Mr. Ricobene only, for reasonable contractual attorneys' fees incurred by JPM in connection with bringing this action; and

F. For any further relief as this Court deems just.

**ANSWER:** Mr. Ricobene denies that JPM is entitled to the relief set forth in Count I of its Counterclaim.

**Count II - Breach of Contract**
**Against Mr. Ricobene**

23. JPM re-alleges paragraphs 1 through 9 and 11 through 13 as paragraph 23.

**ANSWER:** For his answer to paragraph 23, Mr. Ricobene restates and realleges his answers to paragraphs 1-9 and 11-23 as if fully set forth herein.

24. Mr. Ricobene is in default under Contract for failure to make payment(s) when due. *See* Exhibit B, top of page 1.

**ANSWER:** Mr. Ricobene admits the allegations contained in paragraph 24.

25. JPM has performed all of its obligations under the Contract.

**ANSWER:** Mr. Ricobene admits the allegations contained in paragraph 25.

26. Upon default, JPM may, inter alia, declare all unpaid installments and all other indebtedness secured thereby immediately due and payable without notice or demand. *See* Exhibit B, page 1, paragraph titled "ACCELERATION."

**ANSWER:** Mr. Ricobene denies the allegations contained in paragraph 26.

27. As of July 17, 2009, the outstanding balance under the Contract is $61,270.79 exclusive of contractual attorneys' fees, and any other amounts that may be due under Contract.

**ANSWER:** Mr. Ricobene is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. JPM is entitled to recover its reasonable attorneys' fees and expenses incurred in having to bring this action. *See* Exhibit B, page 1, paragraph titled "DELINQUENCY."

**ANSWER:** Mr. Ricobene denies the allegations contained in paragraph 28.

**WHEREFORE**, JPM prays that this Court enter a judgment in its favor and against Counter-Defendant Mr. Ricobene for:

A. The sum of $61,270.70 plus interest and any other expenses accrued through the date of judgment in accordance with the terms set forth in the Contract;

B. Costs and reasonable contractual attorneys' fees in connection with this action;

and

C. Any further relief as this Court deems just and proper.

**ANSWER:** Mr. Ricobene denies that JPM is entitled to the relief set forth in Count II of its Counterclaim.

Any allegations contained in JPM's Counterclaim not specifically responded to are denied by Mr. Ricobene.

**AFFIRMATIVE DEFENSES**

1. On or about March 20, 2009, JPM orally agreed to a settlement with Mr. Ricobene which contemplated payment of $32,000 by Mr. Ricobene to Chase in exchange for title to the Car. When JPM entered into a settlement agreement with Mr. Ricobene, it waived its rights under the Contract. Chase subsequently breached the settlement agreement with Mr. Ricobene and defamed him.

Respectfully submitted,

s/Francis R. Greene
Francis R. Greene

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\22767\Pleading\Answer to Opponent's Counterclaim_pleading.WPD

# CERTIFICATE OF SERVICE

I, Francis R. Greene, hereby certify that on August 26, 2009, I caused to be filed the foregoing document via the CM/ECF System, which caused to be sent notification of such filing to the following parties via electronic mail:

**Attorneys for Defendant and Counter-Plaintiff JP Morgan Chase Bank, N.A.**

Steven P. Mandell
smandell@mandellmenkes.com

Lindsay H. LaVine
llavine@mandellmenkes.com

Jared Solovay
jsolovay@mandellmenkes.com

Agata P. Karpowicz
akarpowicz@mandellmenkes.com

**Attorneys for Defendant Universal Tracing Services, Inc**.

Joshua D. McCann
jdmccann@chicagolegalcounsel.com

Michael T. Smith
msmith39950@aol.com

s/Francis R. Greene
Francis R. Greene

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)